IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PHILLIP D. GOETZ,<br><br>　　　　　　　　Defendant. | 8:21CR257<br><br>**ORDER** |

　　　　Defendant Phillip Goetz ("Goetz") is currently serving a 70-month sentence after pleading guilty to one count of possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. 841(a)(1) and (b)(1). Now before the Court is Goetz's *pro se* letter seeking compassionate release[1] (Filing No. 124), which the Court has construed as a Motion for Reconsideration regarding the Court's previous denial of Goetz's Motion to Reduce Sentence (Filing Nos. 122, 123).

　　　　In June 2023, Goetz sent a letter (Filing No. 122) requesting the Court to "consider [him] for early home confinement/halfway house." The Court construed that letter as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), and denied it upon initial review based on Goetz's failure to provide any indication he requested the warden of the facility where he is incarcerated to first file such a motion on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A)(i) (allowing a defendant to move for compassionate release only after they have requested the Bureau of Prisons to bring a motion on their behalf); *United*

---

[1] Motions to reduce a sentence under § 3582(c)(1)(A) are "commonly known as a motion for compassionate release." *United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1001 (8th Cir. 2023).

*States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (describing that requirement as "a mandatory claim-processing rule").

In response to the Court's Order, Goetz sent another brief letter elaborating on his request for "home confinement" in light of medical issues he reports to be experiencing. Along with that letter, Goetz provided documentation appearing to demonstrate that he twice corresponded with the warden of his facility seeking similar relief, having submitted his "name for home confinement under the CARES ACT" in April 2023 and having again sought assistance with his request for "compassionate release" in June 2023.

Goetz sent a letter to the Court again in July of 2023 (Filing No. 125), requesting the Court consider—among other things—granting him "relief by applying two level downward adjustment with zero criminal history" under Amendment 821 to the United States Sentencing Guidelines, which had yet to come into effect at the time of his writing. On that basis, the Court entered General Order No. 2023-09 (Filing No. 126) in Goetz's case and appointed the Federal Public Defender for the District of Nebraska to represent him with respect to a potential sentence reduction based on Amendment 821.

Based on Goetz's reported medical conditions and apparent satisfaction of the prerequisites for judicial review, the Court finds he has potentially raised a colorable claim for relief under § 3582(c)(1)(A). To aid in his request, the Court will expand the representation of the Federal Public Defender to matters concerning his request for compassionate release and will order a preliminary investigation into the matter.

IT IS ORDERED:

1. The appointment of the Federal Public Defender for the District of Nebraska in this matter is expanded to include the limited purpose of determining whether Goetz may qualify for relief under 18 U.S.C. § 3582(c)(1)(A).
2. In the event the Federal Public Defender should decline this expanded appointment because of a conflict of interest or on the basis of the Amended Criminal Justice Act Plan, the Federal Public Defender shall provide the Court with a draft appointment order (CJA Form 20) bearing the name and

   other identifying information of the CJA Panel attorney identified in accordance with the Amended Criminal Justice Act Plan for this district.

3. If upon review the Federal Public Defender should conclude that Goetz's motion is frivolous, the Federal Public Defender may move to withdraw as counsel.

4. The U.S. Probation and Pretrial Services Office is directed to investigate Goetz's compassionate-release request and promptly file under seal a report on that investigation.

5. The probation office is authorized to disclose Presentence Investigation Reports to the Federal Public Defender and the United States Attorney for the purpose of evaluating the motion. Goetz's counsel shall provide the Presentence Investigation Report to any subsequently appointed or retained counsel. In accordance with the policy of the Federal Bureau of Prisons, no Presentence Investigation Report shall be provided to inmates.

6. The government and Goetz's counsel shall each file within ten days of the probation office filing its investigation report a brief addressing Goetz's request for sentencing relief and provide any evidence necessary to the Court's disposition of his motion. Absent an extension, the motion shall be deemed fully briefed and submitted as of that date.

Dated this 30th day of November 2023.

              BY THE COURT:

              *Robert F. Rossiter, Jr.*
              Robert F. Rossiter, Jr.
              Chief United States District Judge