IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR257 |
| v. | |
| PHILLIP D. GOETZ, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Phillip D. Goetz's ("Goetz") *pro se* letter seeking early release to home confinement or a halfway house (Filing No. 124), which the Court has construed as a Motion for Reconsideration of its previous denial (Filing No. 123) of Goetz's request for sentencing relief (Filing No. 122).

Goetz is incarcerated at the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth"), where he is serving a 70-month sentence for possessing with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841 (a)(1) and (b)(1). The Court sentenced Goetz to that term of imprisonment—to be followed by four years of supervised release—on October 21, 2022, after Goetz pleaded guilty pursuant to a plea agreement.

On November 30, 2023, the Court determined that Goetz's letter requesting "Compassionate Release"[1] or "home confinement" qualified for judicial review (Filing No. 127). *See* 18 U.S.C. § 3582(c)(1)(A) (providing that the defendant may move for compassionate release only after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

---

[1]The phrase "compassionate release" generally refers to sentence reductions under 18 U.S.C. § 3582(c)(1)(A)(i). *See United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022).

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"). The Court then directed the United States Probation and Pretrial Services Office (the "Probation Office") to investigate his request, especially as to his claims of deteriorating physical and mental health. The Court also appointed the Federal Public Defender to represent him in the matter.[2]

The Court has received the Probation Office's thorough Compassionate Release Investigation Report as well as the government's briefing in opposition to Goetz's motion (Filing No. 133). Having carefully considered those submissions and Goetz's underlying arguments for release, the Court finds he is not presently entitled to relief.

To start, the Court is without authority to grant Goetz home confinement. Under 18 U.S.C. § 3621, the Bureau of Prisons ("BOP") has exclusive power to "designate the place of the prisoner's imprisonment." While the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), expanded the BOP's authority to implement more extensive home-confinement measures, it did nothing to change the Court's lack of involvement in such decisions. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021); 18 U.S.C. § 3621(b) (providing that "a designation of a place of imprisonment [by the BOP] is not reviewable by any court").

Goetz alternatively asks the Court to adjust his "lengthy" 70-month sentence as it sees fit. Generally, the Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But the Court can modify a sentence upon a defendant's motion after finding he has demonstrated "extraordinary and compelling reasons" warrant

---

[2]Goetz also requested the Court to "review [his] sentence and consider relief by applying [a] two level downward adjustment" pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Amendment 821. Through the Court's entry of General Order No. 2023-09 in this case (Filing No. 126), the Federal Public Defender's representation also covered that matter. The Court has since reviewed his counsel's Motion to Withdraw (Filing No. 135) and United States Probation and Pretrial Services Office's Retroactive Sentencing Worksheet (Filing No. 136), and has found Goetz is not entitled to relief on that ground (Filing No. 137).

a reduction. *Id.* § 3582(c)(1)(A); *see also United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) (stating the "inmate bears the burden to establish that compassionate release is warranted").

In support of his request, Goetz highlights his rehabilitative progress as well as the alleged deterioration of his physical and mental health. He states the "[l]ack of care [and] forced sedentary lifestyle" in prison has particularly contributed to the onset of his diabetes. He also describes the positive steps he has taken while incarcerated, including employment at USP Leavenworth, participation in the Residential Drug Abuse Program ("RDAP"), enrollment in numerous courses, and pursuit of a healthier lifestyle. Finally, he claims he has served "over half" of his sentence.

The government asserts Goetz's proffered reasons do not constitute "extraordinary and compelling reasons" under the Guidelines in light of the Compassionate Release Investigation Report. The Court agrees.

Under U.S.S.G. § 1B1.13, "extraordinary and compelling reasons" exist where limited circumstances, or a combination of such circumstances, are present. Those include certain medical conditions, namely where the defendant is suffering from (1) a terminal illness, (2) a serious physical, medical, functional, or cognitive condition, or (3) a medical condition requiring such care that is not being provided in prison. *Id.* § 1B1.13(b)(1). While rehabilitation "is not, by itself, an extraordinary and compelling reason" justifying sentence modification, the Court may consider it in combination with other relevant factors. *Id.* § 1B1.13(d).

Though Goetz suffers from multiple medical conditions, none of them demonstrate that "extraordinary and compelling reasons" warrant a reduction in his sentence. None of Goetz's conditions are terminal, nor have they gone untreated at USP Leavenworth. According to the Compassionate Release Investigation Report, both his mental and physical conditions are being treated at USP Leavenworth and present no significant levels

of impairment. Goetz himself admits that, despite these conditions, he has been able to pursue "a renewed healthy lifestyle" and get "in the best shape of [his] life."

Without evidence from Goetz that these conditions are far more severe than reported, the Court finds he is not entitled to a sentence reduction at this time. *See United States v. Vangh*, 990 F.3d 1138, 1141 (8th Cir. 2021) (affirming the district court's denial of a defendant's motion for compassionate release where it considered his medical conditions but concluded relief was not warranted where he was receiving exceptional medical care and had not demonstrated his conditions were interfering with his self-care in prison). Goetz's efforts in pursuit of recovery, education, and self-improvement are recognized and respected by the Court but cannot alone justify relief. *See* U.S.S.G. § 1B1.13(d); *United States v. Taylor*, 28 F.4th 929, 930 (8th Cir. 2022) (per curiam) (upholding the district court's denial of a defendant's motion for compassionate release where neither his rehabilitation nor a non-retroactive change in law could establish "extraordinary and compelling reasons" for a reduction). Goetz's motion is therefore denied.

IT IS SO ORDERED.

Dated this 16th day of February 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge